### DAVID MOXOM v. MITCHELL LANK, Garnishee, CORNELIUS LANK, Defendant.

Court of Common Pleas. Sussex. April 30, 1799.

*Wilson's Red Book, 233.*

*Bayard* and *Wilson* for plaintiff. *Peery* and *Ridgely* for garnishee.

Garnishee's counsel offered his book and oath to show his charges against defendant.

Plaintiff's counsel objected, by 1 Del.Laws 42, 92, 421, the guardian ought to have rendered his account before the Register, who is to examine and to determine on the same; his charges may be reduced by the Register or the Orphans' Court after they have been allowed here, and a balance found in his hands by the Register, though acquitted by this court. Suppose, in an action against executor or administrator, a will is produced with its witnesses, but never proved before the Register, it would not be evidence. It was guardian's duty to have passed his accounts.

*Ridgely* and *Peery*. The objection is an unfair one, being to foreclose our fair deductions. Admiralty courts, having jurisdiction over the original matter, have also jurisdiction over everything necessarily incidental, Doug. 601. When this court calls a guardian before them to give an account upon attachment as garnishee of his minor's estate, they ought to decide upon his charges, which are incidental. The plaintiff might have cited as before the Register, if he required this investigation.

*Bayard*. Doug. 594, courts of common law will not entertain trespass where a question of prize must be incidentally determined.

PER CURIAM. It is the opinion of the Court that the book is evidence with garnishee's oath.

Garnishee proved his book, which was written by himself, except one item which one John Lank had written, which was objected to by plaintiff's counsel and given up by defendant's.

Verdict for plaintiff.